**UNITED STATES of America**

v.

**John Kennedy NIXON.**

**No. 1:93–CR–80–1.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 7, 1995.

Denise S. Benson, Federal Public Defender, Federal Defender's Office, Beaumont, TX, for defendant.

### *MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JOE J. FISHER, District Judge.

The Court heretofore ordered that these matters be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. It is therefore

**ORDERED** and **ADJUDGED** that defendant is **SENTENCED** to nine (9) months imprisonment. The Federal Bureau of Prisons is requested to allow defendant to participate in a substance abuse program during his period of incarceration.

HINES, United States Magistrate Judge.

### *REPORT AND RECOMMENDATION REGARDING SUPERVISED RELEASE*

Pending is a "Petition for Action on Conditions of Release" filed on May 4, 1995, alleging that defendant John Kennedy Nixon violated terms of supervised release.

### *I. Procedural Background*

On June 4, 1993, defendant pleaded guilty to one count of Aiding and Abetting to Possess with Intent to Distribute Cocaine within 1000 Feet of a Protected Area, in violation of Title 21 U.S.C. § 841(a)(1), a Class B felony. The Honorable Joe J. Fisher sentenced defendant to twenty-four (24) months imprisonment, six (6) years of supervised release, and a special assessment of fifty dollars ($50.00).

On January 20, 1995, defendant completed his term of imprisonment and began service of the term of supervised release, subject to standard and special conditions.

### *II. The Petition*

On May 4, 1995, the U.S. Probation Office filed a "Petition for Action on Conditions of Release" contending defendant had violated the following conditions of supervised release:

Mandatory Condition—While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

Condition No. 2—The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

Condition No. 7—The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances except as prescribed by a physician;

Condition No. 11—The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

Special Condition—The defendant shall participate in a program approved by the U.S. probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of illegal drugs and/or alcohol;

Special Condition—The defendant shall obtain a GED or vocational training while incarcerated or while under supervised release.

Specifically, the petition alleged defendant was arrested by the Beaumont Police Department on April 28, 1995, when he allegedly ran from officers investigating a possible trespassing.

Furthermore, the petition alleged defendant failed to report for scheduled appointments with the U.S. Probation Office on April 20, April 25, and May 1, 1995. He also failed to submit a required written monthly report for the months of January, February, and March, 1995. Defendant also provided urine samples on or about January 30, 1995, and March 28, 1995, which tested positive for cocaine, failed to notify the U.S. Probation Office of his arrest by Beaumont police within 72 hours, did not report to weekly substance abuse counseling as scheduled on March 7, March 14, March 21, March 28, April 4, April 11, April 18, and April 25, 1995, nor did defendant make any effort to attend GED or training sessions while in prison or on supervised release.

A preliminary examination and revocation hearing was set for June 5, 1995. Defendant was ordered detained pending the hearing.

## III. The Revocation Hearing

On June 5, 1995, the undersigned convened a hearing in order to hear evidence and argument as to whether or not defendant's supervised release should be revoked or modified. In open court, defendant pleaded "true" to the allegations that he failed to report to the U.S. Probation Office on the above enumerated dates, failed to provide written reports on the above enumerated dates, failed to notify the U.S. Probation Office within 72 hours of questioning and arrest by Beaumont police, provided urine samples testing positive for cocaine on the above enumerate dates, did not pursue his GED or vocational training, and had not maintained enrollment in a drug counseling program approved by the U.S. Probation Office. Defendant pleaded "not true" to the first alleged violation, that is, that he committed another crime while on supervised release. The Government informed the court it would not pursue that violation, and no evidence was introduced.

The court therefore found, by a preponderance of the evidence, defendant had violated the conditions of his supervised release by failing to report to the Probation Office as required, failing to submit a required monthly report, possession of narcotics, failing to notify the Probation Officer of arrest or questioning by the police, and failure to attend drug counseling and a GED/vocational training program. The court did not find defendant committed another crime while on supervised release.

## IV. Discussion

Under § 7B1.3(a) of the United States Sentencing Commission Guidelines, defendant has committed a "Grade C" violation of her probation. Upon a finding of a Grade C violation, the court may (1) revoke probation; or (2) extend or modify the term of probation. United States Sentencing Commission, *Guidelines Manual*, § 7B1.3(a)(1). If defendant is found to have possessed a controlled substance, the court *shall* revoke the term of supervised release. 18 U.S.C. § 3583(g). If revocation is ordered, defendant has a criminal history category of III, resulting in a maximum term of

imprisonment of five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a).

Title 18 U.S.C. § 3553(a) provides that in determining sentence, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

■ The court has carefully considered each of these factors. Defendant has generally been non-compliant with the restrictions of his supervised release, but has shown *some* attempt to comply. He reported to the U.S. Probation Office for several months before lapsing, and began a program for the treatment of substance abuse, although he failed to continue attending. Through counsel, defendant asserted that his violations, at least in some part, resulted from a longstanding addiction to drugs, for which defendant has been unable to continue treatment.

The interests of justice would not be served by ordering defendant to the maximum term of imprisonment. His crime and violations, while serious, are non-violent. There remains the possibility defendant can be rehabilitated with proper drug treatment. After considering the arguments of counsel, a sentence of nine months is conducive to the underlying nature of the violations.

### Recommendation

Defendant should be sentenced to nine (9) months imprisonment. It also is recommended defendant participate in a substance abuse program during his period of incarceration.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In this case, however, defendant and government have waived their right to object to the recommended sentence and to allocution before sentencing. Therefore, there is no need to wait ten (10) days to impose sentence.